## HESS v MT. WASHINGTON LOAN, BUILDING & DEPOSIT CO

Ohio Appeals, 1st Dist, Hamilton Co
No. 3746.   Decided May 4, 1931

Hoffman & Burke, Cincinnati, for Hess et.

Mouliner, Bettman & Hunt, J. H. Druffel, and J. L. Magrish, Cincinnati, for Mt. Washington Loan, Building and Deposit Co.

WEYGANDT, J (8th Dist), sitting for CUSHING, J.

616

ROSS, PJ.

Amanda Hess was the owner of a tract of land containing 20.11 acres, fronting upon the east side of Batavia Pike. On June 6, 1899, she conveyed to Nettie Hess Muchmore a tract of 6 acres in the easterly end of the twenty acres tract, and deeded a thirty foot right of way through to the Batavia Pike to the grantee around the intervening area. This right of way ran northwardly, between the 6 acre tract and the remaining western portion of the 20 acre tract, to the north line of the 20 acre tract, where it adjoined the property of Elston, thence westwardly along the north line to a point some considerable distance from the Batavia Pike where it took a diagonal course to the southwest across the property of Amanda Hess to the Batavia Pike. The position of the right of way was fixed by a single line consisting of courses and distances. It is manifest that where the line followed the 6 acres tract conveyed to Nettie Hess Muchmore and the Elston line that the thirty feet extended to the west and south and that where the line passed through the property of the grantor Amanda Hess it extended fifteen feet on either side of the described line.

On April 12, 1900, Amanda Hess mortgaged the entire 20 acre tract to The Mt. Washington Loan, Building and Deposit Company, excepting from the operation of the mortgage seven acres conveyed to Nettie Muchmore. The right of way constituted one acre and the tract conveyed to Nettie Muchmore made up the seven acres excluded.

Thereafter Amanda Hess conveyed to Nettie Muchmore a tract of ground containing 6.92 acres, the west line of this tract being coincident with the line of the right of way as it ran southwestwardly across the property of the grantor Amanda Hess from the Elston line to the Batavia Pike. This property was released by the Loan Company from the lien of the mortgage January 3, 1903.

The Belts, plaintiffs herein, purchased the 6 acre and 6.92 acre tracts from Nettie Muchmore. A foreclosure proceeding resulted in the sale of the property of

Amanda Hess, mortgaged to the Loan Company and not released by it. This tract was in the northwest corner of the 20 acre tract, was bounded on the west by the Batavia Pike, on the north by the Elston property, and on the southeast by the diagonal line of the right of way running from the Elston property to the Batavia Pike.

Our attention is directed to a number of irregularities and errors in the various descriptions used in the foreclosure procedings, none of which we consider decisive of the issues presented in this case.

The property mortgaged and unreleased was conveyed by the sheriff's deed on August 12, 1912 to Ulrich. This included the fee in the northwest fifteen feet of the roadway, as it ran diagonally northwest from the Batavia Pike to the Elston property, but was subject to an easement in favor of the 6 acre tract, now owned by the Belts.

On November 3, 1928, Amanda Hess executed and delivered to the Belts a deed for the fee in this northwest fifteen feet of the roadway. This deed was wholly futile and of no effect for the simple reason that at that time she had mortgaged it to the Loan Company, and the mortgage had been foreclosed, and the title to the fee in such fifteen feet sold to Ulrich.

We thus conclude that John Ulrich is the owner of the fee in the northwest fifteen feet of the diagonal roadway in dispute and described in the petition and that such fee is subject to an easement in favor of the six acre tract now owned by the Belts.

A decree may be entered accordingly.

WEYGANDT and HAMILTON, JJ, concur.